IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELLIJAH SAM, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. CIV-23-601-R |
| | ) |
| BANCFIRST, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Defendant BancFirst's Motion to Dismiss and for Appropriate Sanctions [Doc. No. 10] seeking dismissal of Plaintiff's Complaint for failure to state a claim and sanctions for what it describes as Plaintiff's vexatious litigation conduct. Plaintiff has responded in opposition [Doc. No. 14] and the matter is now at issue.

Plaintiff's pro se[1] Complaint [Doc. No. 1] alleges that he obtained a cashier's check from BancFirst, subsequently noticed that it contained an error, and BancFirst acted negligently in refusing to correct the error or refund the cashier's check. This is the third federal lawsuit Plaintiff has initiated concerning this incident. The first lawsuit was remanded because Plaintiff appeared to be attempting to remove the action from state court. *See* Order of May 24, 2023 [Doc. No. 5], CIV-23-452 (W.D. Okla.). The second lawsuit was dismissed sua sponte for failure to state a claim. *See* Order of July 5, 2023 [Doc. No.

---

[1] Because Plaintiff is a pro se litigant, the Court affords his materials a liberal construction, but it does not act as his advocate. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013).

9], CIV-23-469 (W.D. Okla.). As explained below, this action must also be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's claim.

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). If at any time the Court determines that subject matter jurisdiction is lacking, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff invokes federal question jurisdiction as the basis for this Court's exercise of jurisdiction over the case.[2] Federal question jurisdiction grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Importantly, "federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). Thus, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* Conclusory allegations that a federal question is involved are insufficient. *Id*. Further, even where a party is proceeding pro se, the Court is obliged to "rely on the plaintiff's statement of his own cause of action" and "may not rewrite a [complaint] to include claims that were never presented." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks and citations omitted).

---

[2] Neither the Complaint nor any of Plaintiff's subsequent filings invoke diversity jurisdiction or allege any facts suggesting that the parties are completely diverse.

Applying these standards, the Court concludes that the Complaint does not state a claim arising under federal law. The Complaint identifies 18 U.S.C. § 2255 as the basis for federal question jurisdiction but this statute – which permits minor victims of certain trafficking, sexual abuse, and child pornography offenses to sue for civil damages – clearly has nothing to do with the underlying factual allegations. Plaintiff also filed a document titled "Correction" [Doc. No. 13] that identifies 40 U.S.C. § 123, 18 U.S.C. § 1001, and 18 U.S.C. § 1513 as the basis for federal question jurisdiction.[3] None of these statutes afford Plaintiff a private cause of action or remedy and therefore do not confer jurisdiction in this civil lawsuit. *See Greene v. Tennessee Bd. of Jud. Conduct*, 693 F. App'x 782, 783 (10th Cir. 2017) (holding that 18 U.S.C. § 1001 "is a criminal statute that does not confer jurisdiction in this civil lawsuit"); *Klinakis v. Altus Jobs, LLC*, No. 6:22-CV-1756-RBD-RMN, 2023 WL 3563599, at *2 (M.D. Fla. Mar. 21, 2023) (holding that 18 U.S.C. § 1513 does not create a private right of action); *N'Jai v. United States Dep't of Educ.*, No. 19-CV-2712 (DLF), 2021 WL 1209281, at *10 n.9 (D.D.C. Mar. 31, 2021) (holding that 40 U.S.C. § 123 does not provide a private right of action). Additionally, the Complaint's underlying factual allegations do not show that the case is one arising under federal law. *See Martinez*, 802 F.2d at 1280 ("Merely alleging that 'federal questions are involved' is insufficient to convert what appears to be a common-law negligence claim into a federal question.").

---

[3] Plaintiff also filed a document titled "Amendment" [Doc. No. 15] asserting that he is bringing a claim under a state statutory provision. The document includes no additional factual allegations.

3

Because the Complaint does not assert any claim arising under federal law, this Court lacks subject matter jurisdiction over this action. Defendant's Motion to Dismiss is therefore GRANTED in part and this action is dismissed without prejudice. Defendant's request for sanctions is denied.[4]

IT IS SO ORDERED this 1st day of August 2023.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] Although the Court declines to impose sanctions at this juncture, Plaintiff is advised that pursuant to Fed. R. Civ. P. 11, a district court may impose sanctions if a party presents any pleading for the purposing of harassment or asserts frivolous legal contentions.